Yeekpeh H. Karweh, :
: No. 2222 C.D. 2015
              Petitioner : Submitted: May 13, 2016
:
         v. :
:
Unemployment Compensation :
Board of Review, :
:
              Respondent :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN            FILED: July 6, 2016


        Yeekpeh H. Karweh (Claimant) petitions for review of the October 14, 2015, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits. The UCBR determined that Claimant was ineligible for UC benefits under section 402(e) of the Unemployment Compensation Law (Law)[1] because she was discharged from work for willful misconduct. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which [her] unemployment is due to [her] discharge . . . from work for willful misconduct connected with [her] work." 43 P.S. §802(e).

Claimant worked full time as a direct support professional for Devereux Foundation (Employer) from July 23, 1999, through June 14, 2015. (UCBR's Findings of Fact, No. 1.) Claimant received a number of disciplinary actions during her employment. (*Id.*, No. 2.) On January 9, 2014, Claimant received a one-day suspension for improper intervention with a client. (*Id.*, No. 3.) Claimant signed a document stating that further infractions or violations of Employer's policies could result in disciplinary action. (*Id.*, No. 4.)

On June 14, 2015, Claimant was working an overnight shift. (N.T., 7/30/15, at 7; UCBR's Decision at 3.) At 2:25 a.m., Leana Thedford, Employer's operation manager, observed Claimant in a chair with her head back and eyes closed. (UCBR's Findings of Fact, No. 7.) Claimant remained in that position as Thedford spoke to two other employees in the same room. (*Id.*, No. 8.) Claimant responded when Thedford called her name. (*Id.*, No. 9.) Thedford asked Claimant why she was sleeping, but Claimant did not answer. (*Id.*, No. 10.) Although Claimant was required to fill out a chart for her clients every 15 minutes, she had not filled out a chart since 11:00 p.m. (*Id.*, Nos. 11-12.)

Employer's employee handbook includes a policy stating that employees who are "[n]ot engaged or alert" may be subject to discipline, including discharge. (*Id.*, No. 6.) Claimant certified by her signature that she was aware of the policies in the employee handbook. (N.T., 7/30/15, at 2; Ex. 8.) Employer's normal policy with regard to an employee sleeping on the job is to suspend the employee and send him or her home for the night. (UCBR's Findings of Fact, No. 13.) However, Employer discovered five other employees sleeping that night and could not send all six of them

home because of staffing needs. (*Id.*, No. 14.) Thedford permitted Claimant to work until her shift ended at 7:00 a.m. (*Id.*, No. 16.) After June 14, 2015, Claimant was on vacation for several days. (*Id.*, No. 17.)

On June 17, 2015,[2] Edward Vincent, Employer's program director, discharged Claimant for violating Employer's policy by sleeping and not being engaged with clients. (*Id.*, No. 18.) Vincent provided Claimant a discharge letter stating that because Claimant had already been suspended in January 2014, Employer was taking the next step in the disciplinary process. (*Id.*, No. 19.) Employer suspended rather than discharged the other five employees caught sleeping on June 14, 2015, because none had previously been suspended. (*Id.*, No. 20.)

Claimant filed a claim for UC benefits, which the local service center denied. Claimant appealed to the referee, who held a hearing on July 30, 2015, at which Claimant, Thedford, Vincent, and Jodi Pierson, Employer's human resources generalist, testified. The referee concluded that: (1) Employer had a policy requiring employees to be engaged and alert; (2) Claimant was aware of Employer's policy; (3) Claimant violated Employer's policy; and (4) Claimant failed to establish good cause for not being engaged and alert. The referee credited the testimony of Employer's witnesses and resolved all conflicts in the testimony in Employer's favor. Thus, the referee concluded that Claimant was discharged for willful misconduct and ineligible

---

[2] The UCBR's decision mistakenly states that this event occurred on January 17, 2015. The correct date appears in Vincent's credited testimony and the referee's decision. (N.T., 7/30/15, at 15; Ref.'s Findings of Fact, No. 15.)

for UC benefits under the Law. Claimant appealed to the UCBR, which affirmed. Claimant now petitions for review of that decision.[3]

First, Claimant argues that the UCBR erred in concluding that Claimant engaged in willful misconduct because Employer failed to prove that she violated Employer's policy requiring employees to be engaged and alert. We disagree.

"Willful misconduct" is defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules or policies; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010) (*en banc*). When a claimant is discharged for violating a work policy, the employer bears the burden of proving the existence of the policy, that the policy was reasonable, and that the claimant was aware of and violated the policy. *Rothstein v. Unemployment Compensation Board of Review*, 114 A.3d 6, 9 (Pa. Cmwlth. 2015). If the employer satisfies its burden, the burden shifts to the claimant to establish that she had good cause for violating the employer's policy. *Id.*

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

Here, Employer's policy provides that Employer may discharge employees who are not engaged or alert. Although Claimant argues that she was not asleep, the UCBR credited Thedford's testimony that Claimant was found sleeping at 2:25 a.m. in violation of Employer's policy. Questions of credibility and evidentiary weight "are within the discretion of the UCBR and are not subject to re-evaluation on judicial review." *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 n.4 (Pa. Cmwlth. 2007). Claimant's failure to fill out her client chart since 11:00 p.m. further supports the conclusion that she was not engaged and alert during her shift. Therefore, Employer met its burden of proving that Claimant violated its policy requiring employees to be engaged and alert.

Next, Claimant argues that the UCBR erred in concluding that Claimant engaged in willful misconduct because Employer permitted Claimant to finish her shift. We disagree. Claimant was not sent home because five other employees were caught sleeping that night and sending all of them home would have created a staff shortage. Therefore, Employer's decision to let Claimant finish her shift is irrelevant to the question of whether Claimant engaged in willful misconduct.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yeekpeh H. Karweh,              :
                                    : No. 2222 C.D. 2015
                Petitioner    :
                                      :
               v.               :
                                      :
Unemployment Compensation    :
Board of Review,                :
                                      :
                Respondent  :

O R D E R


AND NOW, this 6th day of July, 2016, we hereby affirm the October 14, 2015, order of the Unemployment Compensation Board of Review.


_____
ROCHELLE S. FRIEDMAN, Senior Judge